CASE 53—PETITION EQUITY—SEPTEMBER 22.

# Doyle vs. Armstrong, &c.

APPEAL FROM FLEMING CIRCUIT COURT.

1. One not a party to a suit to set aside a sale as fraudulent, who, as assignee, holds notes given in consideration of the alleged fraudulent sale, is not concluded by a judgment declaring the sale void and setting it aside, on the application of creditors of the vendor.

2. But when there are circumstances exciting strong suspicions of fraud, both in the sale of the property and the transfer of the notes, and the consideration of the assignment is very inadequate, the holder, when asserting a lien against a purchaser at decretal sale, will only be allowed to enforce it to the extent of the consideration actually paid for the notes.

W. H. Cord, for appellant, cited 6 *B. Mon.*, 518; 5 *B. Mon.*, 49, 134; 3 *B. Mon.*, 249, 452; 1 *Mon.*, 43.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Samuel E. Armstrong, as judgment creditor of Richard Ross, sued him and his brother-in-law, William Helfenstine, for the purpose of subjecting to the satisfaction of his debt a tract of land, charging in his petition that Ross, still holding the legal title, had fraudulently encumbered it by a collusive and merely ostensible sale of the land to Helfenstine, who, under pretense of a valid claim, was in possession of the tract. Neither of the defendants answering the petition, its allegations were taken for confessed, and the court adjudged the contract void, and decreed the sale of the land for Armstrong's benefit. At the decretal sale, Armstrong bought the land for $98, the amount then due on his judgment; and the commissioner's report of the sale having been confirmed, a conveyance of the legal title was made to Armstrong and approved by the court.

After all this, the appellant, John Doyle, brought this suit in equity against Armstrong, Ross, and Helfenstine, alleging that he, by *bona fide* assignments, indorsed the day after the contract between Ross and Helfenstine, held the three notes for $100 each which Helfenstine had given to Ross as the consideration of the sale, asserting an equitable lien therefor, and praying for an enforcement of it by a resale of the land. Armstrong's answer, relying on his own title as paramount, reiterated the charge of fraud, and denied that the apparent assignments of the notes were made in good faith or for a valuable consideration. In attempting to show a consideration, Doyle made some proof that he was Ross' surety for something more than $100, and had built a chimney for him. But the price of the chimney is not proved, nor is there any proof that Doyle ever paid anything, or will ever have to pay anything, as Ross' surety; and in no aspect of the case was the alleged consideration at all commensurable with the amount of the assigned notes.

On these pleadings and facts the circuit court dismissed the appellant's petition.

As the appellant was not a party to the suit in which the contract between Ross and Helfenstine was adjudged fraudulent, that judgment did not conclude that question so far as he is concerned. And we are inclined to think, that, though the significant squinting, even in this case, invites strong suspicion of fraud in that contract, and also in that of the assignments, yet the facts, carefully considered, will not authorize this court to decide that there was vitiating fraud in either of those transactions. And we must presume, that, before Armstrong had acquired his legal title, he had constructive notice of the existence and assignment of the notes.

On these grounds we, with some doubt, adjudge that the appellant holds an equitable and prior lien to a partial and undefined extent, coextensive with the actual and *bona fide* consideration.

Armstrong offered to surrender his title to the appellant if he would reimburse the amount of his debt, and it might not be inequitable to refuse him relief on any other terms. But, in the present attitude of the case, we incline to the conclusion that this would not be fitly judicial.

Armstrong also, in his answer, charged that the appellant was at the decretal sale, and neither objected to it nor intimated any lien. As no direct reply was either necessary or made, that charge was neither admitted nor denied except by law; and there is no better evidence of it than the appellant's total non-allusion to it in his amended petition subsequently filed, and which silence is not sufficient to establish it.

In this confused and indefinite state of case, and especially as, without further proof, the appellant can have no available lien in equity beyond the amount he actually and in good faith paid for the assignments; and as he has neither proved such payment nor facts for fixing the precise amount, it seems to us that, while we reverse the judgment, a reasonable assurance of justice to both parties requires that, on the return of the case to the circuit court, not only the appellant, but the appellee, Armstrong, also should be allowed time for further preparation and proof.

Wherefore, the judgment is reversed, and the cause remanded for further preparation and proof by all parties.